UNITED STATES DISTRICT COURT
~~EASTERN~~ DISTRICT OF NEW YORK
SOUTHERN

VICTOR TUCKER,
          Plaintiff,

v.

THE CITY UNIVERSITY OF NEW YORK, and
YORK COLLEGE,

          Defendants.

JUDGE PRESKA #1

CIVIL ACTION NO.:
**05 CV 1319**

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT

1. This action is brought pursuant to Title VII of the Civil Rights Act for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, VICTOR TUCKER, is a citizen of the United States and resides at 28 Holland Avenue, Staten Island, N.Y. 10303.

3. Defendant, THE CITY UNIVERSITY OF NEW YORK, maintains an address at 535 East 80th Street, New York, New York 10021, and Defendant YORK COLLEGE maintains an address at 94-20 Guy R Brewer Boulevard, Jamaica, NY 11451.

4. Plaintiff is employed by the defendant York College ("the employer") as a Campus Peace Officer.

5. Upon information and belief, because of Plaintiff's race defendant discriminated against plaintiff, treated plaintiff in a disparate manner, and retaliated against Plaintiff.

6. The circumstances under which the defendant discriminated against plaintiff were:

   A. On or about March 22, 2002 Plaintiff filed a complaint with the York College Equal Employment Officer / Designee within the Compliance and Legal

Department.

B. Thereafter, Plaintiff was routinely singled out for bike patrol operations on days when the weather made for poor or hazardous riding conditions;

C. On or about March 22, 2002 Plaintiff's superior officer Sergeant Tyrone Forte swung a stick in a threatening manner within inches of Plaintiff's face. and slammed said stick into the security guard's door, despite requesting the videotape of said incident, Plaintiff was advised said videotape could not be found;

D. In or about April, 2002 Plaintiff's regular and routine duties were reduced without reasonable explanation. Plaintiff, a ranking Corporal, could not sign in on logs, was required to secure permission to conduct bike patrols, and placed on various nonessential assignments, such as parking lot duty;

E. On or about June 29, 2002 Plaintiff was prevented from conducting a course in Standard First Aid/CPR which had previously been authorized, without any reasonable explanation.

F. On or about June 4, 2003 the employer received decisions on New York State Division of Human Rights complaint numbers ID-E-R-024606833-E and ID-E-OR-03-5806425-E;

G. Beginning June 5, 2003 Plaintiff has not been allowed to function or severely limited to function in the capacity of Bike Patrol officer or EMT officer;

H. Beginning June 5, 2003 Plaintiff was the only Corporal on his tour to be placed in the same general post assignments - the Gym or Classroom Building.

I. Plaintiff has been denied the right to proper equipment, while other officers usurp

        equipment ordered specifically for plaintiff;

J.    Plaintiff has been denied opportunities for overtime work, including the midnight shift, holidays and days in June and throughout August or Friday assignments.

K.    Plaintiff was denied the benefit or opportunity to gain experience as a tour supervisor which has been afforded others of his rank, as when a Sergeant supervisor is out sick or off duty;

L.    Plaintiff was denied certain benefits in choosing vacation time on account of falsified seniority records;

M.    Plaintiff was denied a permanent position as Bike Patrol Coordinator. On the premise that he needed to focus on EMT training, yet no other coordinator dropped their roles when they had to "focus on EMT training". Plaintiff was replaced by a subordinate who was also a novice.

7.    Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraph 6 of this complaint on or after September 23, 2004.

8.    The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on or about November 5, 2004, a copy of which notice is attached to this complaint.

9.    Plaintiff has been discriminated against because of the above referenced charges he lodged in paragraph 6.

10.    The acts set forth in paragraph 6 of this complaint and acts similar thereto are still being committed by defendant.

11.    Plaintiff attaches to this complaint a copy of the charges filed with the State Division of Human Rights as reviewed by the Equal Employment Opportunity Commission which charges

are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

Defendant be directed to cease and desist from its discriminatory practices as and against Plaintiff and that the Court grant damages for future loss of earnings, emotional pain and suffering, mental anguish, and such other and further relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
Douglas U. Rosenthal (DUR-1325)
The Rosenthal Law Firm, P.C.,
Attorneys for Plaintff
*Post Office Address and Telephone Number*
350 Broadway, Suite 214
New York, NY 10013
(212) 625-8300

```
STATE OF NEW YORK: EXECUTIVE DEPARTMENT          EXEC. LAW ART. 15
STATE DIVISION OF HUMAN RIGHTS                        SDHR NO:
                                                 1D-E-O-03-5806901-E
```

+----------------------------------------------------------+
| (State Division of Human Rights on the Complaint of)     |
|                                                          |
| Victor Tucker                              COMPLAINANT   |
|                                                          |
|         - against -                                      |
|                                                          |
| The City University of New York; York      RESPONDENT    |
| College                                                  |
|                                                          |
+----------------------------------------------------------+

TITLE VII:   Federal Charge No: 16GA403143

I, Victor Tucker, residing at 28 Holland Avenue, Staten Island, NY 10303, Tel. No. (718) 262-2222B, (718) 447-7452 (H) charge the above-named respondent whose address is 94-20 Guy R. Brewer Boulevard Jamaica, NY 11451 Tel. No. (718) 262-2000 with an unlawful discriminatory practice relating to Employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of Opposing Discrimination.

Date most recent or continuing discrimination took place 09/19/03.

**The particulars are:**
                              SEE ATTACHED

Complaint: Title VII (INT.2) (1 of 2)
/nbm
12/22/03

**The acts of the discrimination is retaliatory and as follows:**

1. June 4, 2003, after receiving the New York State Human Rights Division decisions on complaint numbers: 1D-E-R-02-60085-E and 1D-E-OR-03-58%-E1-E, my employer began to treat me with disparity and with retaliatory actions.

2. From June 5 to present I have not been allowed to operate or function in the capacity as a Bike Patrol officer or EMT officer, if I did it was limited.

3. Furthermore, since June 5, I have been placed in the same general post assignments i.e., the Gym or Classroom Building. No other Corporals on my tour have been treated in this fashion.

4. On or about June 9, an order for a new Bike Bag came in (I never had one). It was a bag I ordered some months ago; however, it never made it to my patrol bike. Sgt. Forte took it for his own and installed an old used bag on my bike. This is an example of disparate treatment.

5. June 12, I reported the disparate and retaliatory treatment to my director Mrs. Regina Peebles. We also discussed five sick leaves I took. Although, I improved my sick leaves Mrs. Peebles was unable to correct the ill treatments inflicted on me by her supervisors. It became much worse.

6. June 13, Sgt. Galashaw pulled all the corporals together and asked including me if any one of us wanted to supervise covering midnight shift. Although, I said yes I was denied, as well as on other occasions such as: holidays and days in June and throughout August for Friday assignments.

7. June 13, I reported immediately finding a copy of the two New York State Human Rights Division decisions in a secured locker room to Mrs. Peebles; who in turn took the documents to Compliance and Legal Olga Dais. They have provided me with a copy of the evidence found and Dais has explained to me in front of my director Mrs. Peebles that "the copy the college has is not the same as the ones found." I believe these copies were strategically placed to taunt me and retaliate.

8. As a general practice when a Sergeant supervisor is out sick or off duty; a corporal scheduled for the tour becomes tour supervisor. As a past practice this is still in use presently. However, I was pushed out of this opportunity by: Sgt. Galashaw on July 18, July 25, and August 1; then by Sgt. Forte on August 8, August 22, and August 30. Overall, I was denied the benefit or opportunity to gain experience. Note these were days in which the school was closed and/or a sergeant was not scheduled or Sgt. Gow Mosby was out sick.

9. On or about August 4, Sgt. Forte reproduced the Seniority List. This revised list placed me at the bottom. Sgt. Forte falsified my seniority to decrease my benefits in choosing vacation time. Everyone knows that I was apart of a group of four officers promoted to corporal and out of that four, two of us were the most seniority.

10. August 18, I accepted a position as Bike Patrol Coordinator. It was offered by Sgt. Forte because he, "anticipated an increase in equipment and personnel." He chose me because of my "rank and being a member of the bike patrol." However his initial offer turned into a temporary one August 19 when he found out I accepted. September 19, it was taken away entirely because according to Sgt. Forte, "you need to focus on your EMT training". I protested and asked why no other coordinator dropped their roles when they had to "focus on EMT training"—the decision stood and I was removed—replaced by a subordinate who was also a novice.

11. Registration week, a list was generated for additional officer who wanted to work the two weeks continuously. I signed up along with two other officers. Every officer that signed up worked the event but I; including two more officers who came off vacation without signing up. When I asked Sgt. Forte why he said, "I was not chosen, but ask Mr. Barrera." I asked Mr. Stephen Barrera why, and he said, "I decided to go with B&G" personnel outside of my department and union. This group of registration personnel was compensated with two days annual leave for each single day of work. Another benefit I was knocked out of; note my director was informed and did nothing.

12. The last time I complained to my director Mrs. Peebles; it was on or about September, to this day there has been no improvement nor have I received a report of any investigation or progress. I also made ten attempts to speak with her boss which also was unsuccessful.

### Witnesses

<u>Officer Stanford Johnson</u>: can vouch that yes I have been treated in a disparate manor. He can explain how no other "Corporals" are dealt the same post assignments or IB opportunities. Officer Johnson can explain how they do not allow me to supervise and how our employer try to stop me from supervising. (Any officer can vouch that I am not given the same opportunities as other Corporals).

<u>Corporal Melvin Samuels</u>: can add also how my employer does not allow me to supervise. Also, he can vouch that I should have the same benefit. He can also explain how Corporals replace Sergeants when they are sick or off duty; also that it is still practiced.

<u>Officer Edward Arthyunyants</u>: can vouch that he signed on for registration work and that my name was on the list with CPO Saint-Phard. He can also explain how I came in to asked about the situation on the first day and was turned away. Furthermore, he can explain the out side personnel used.

<u>Officer Sagoni</u>: can vouch that Sgt. Forte took my newly ordered bike bag and installed an old bag onto my bike.

<u>Log Books</u>: can prove the days in which sergeants knocked me out of the opportunity to supervise. Furthermore, my memo book would also show the amount of times I was either on Bike Patrol or conducting patient care as an EMT. It would also show post assignments. The Console Logbook would show whether or not other corporals on my shift shared the same opportunities.

### Evidence to review

<u>Documents</u>: please ask for the college to provide you with all their memos which; 1. Stopped me from being Bike Coordinator, 2. Explain in fact that the state complaint decision was found in a secured locker room, 3. The revised seniority list which places me at the bottom, 4. Copies of the console officers log book which indicates post assignments.

SDHR NO: 1D-E-O-03-5806901-E        FEDERAL CHARGE NO: 16GA403143

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in Title VII.

(Signature of Complainant)

STATE OF NEW YORK       ) §:
COUNTY OF Kings         )

Victor Tucker, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

(Signature of Complainant)

Subscribed and sworn to before me
this 22nd day of December, 2003

(Signature of Notary Public)

Complaint: Title VII (INT.2) (2 of 2)
/nbm
12/22/03

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

---

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

VICTOR TUCKER

                        Complainant

v.

THE CITY UNIVERSITY OF NEW YORK; YORK COLLEGE

                        Respondent

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
5806901

Federal Charge No. 16GA403143

---

On 12/22/2003, Victor Tucker filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:
The evidence presented does not support a finding of discrimination. The record shows that the complainant filed an initial complaint in October 9, 2002 and an additional complaint charging retaliation on January 29, 2003. The matters were investigated and a determination of No Probable Cause was made on May 30, 2003 regarding both of the matters. The record indicates that complainant filed this instant complaint in December, 2003 alleging that other discriminatory actions were taking place against him and that these actions were occurring because he had filed the prior two complaints.

The evidence indicates that the complainant is supervised by Sgt. Forte, who is also a Black male and that the sergeant and complainant had been friends when complainant first started on the job. The record also indicates that there are several other Black males working at the location and under the supervision of Sgt. Forte.

Page 1 of 3

Determination: Dismissal No Probable Cause
SDHR Case No. 5806901
Victor Tucker V. The City University Of New York; York College

A review of the items alleged by complainant shows that complainant is not treated in a disparate manner by his employer and he is not treated differently than others in his title. . The respondent denies that actions are being taken against the complainant and notes that complainant has not utilized his union rights by taking his alleged unfair labor practices to his union.

The record shows that complainant is not damaged by being placed in the same assigned post on a regular basis, that most employees in complainant's title are placed at the same post and that complaint cannot state what damages he has recieved from not being rotated. The evidence presented also indicates that complainant compares himself to other Blacks, while stating that there is disparate treatment. The complainant also states on the record that there is jealousy between him and Sgt Forte over personal matters, which are unrelated to the job.

The evidence presented indicates there are 8 Officers on complainant's shift, of which 6 are Black and 2 are White. Of those officers, there are 3 Corporals: 2 Black males and 1 White female, of which complainant is one. The Operations Manager, Sgt. Forte is also a Black male.

The record provides no evidence that alleged actions against the complainant are related to the filing of complaints and the complainant remains employed even though he has filed three complaints dating from October, 2002. The complainant indicates that he has been harassed and written up on several occasions both prior to and after the filing of his complaint(s).

The evidence presented is insufficient to support a finding of discrimination.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,

Determination: Dismissal No Probable Cause
SDHR Case No. 5806901
Victor Tucker V. The City University Of New York; York College

New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of Kremer v. Chemical Construction Co., 456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 9/23/04
New York, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Stephen Lopez
Regional Director

| EEOC Form 161 (3/98) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Victor Tucker<br>28 Holland Avenue<br>Staten Island, NY 10303 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is* CONFIDENTIAL *(29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2004-03143 | Dorothy Crump,<br>Investigator | (212) 336-3768 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Spencer H. Lewis, JR,
Director

NOV 0 5 2004

Enclosure(s)

*(Date Mailed)*

cc: THE CITY UNIVERSITY OF NEW YORK
YORK COLLEGE
ATTN: HUMAN RESOURCES DIRECTOR
94-20 Guy Brewer Boulevard
Jamaica, NY 11451